IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA  DIVISION

|   |   |   |
|---|---|---|
| DEREK HERNANDEZ, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | 7:03-cv-108(HL) |
| | : | |
| SHERIFF GARY VOWELL, CHIEF | : | |
| BRUCE WILLIS, JAIL ADMINISTRATOR | : | |
| MELTON RING, SGT JEFF THOMPSON, | : | |
| and OFFICER MATT LEWIS[1], | : | |
| | : | |
| Defendants. | : | |

**RECOMMENDATION**

This is a § 1983 action brought by a *pro se* State of Georgia prisoner against individuals

who are or were employees of the Tift County Georgia Sheriff's Department.  The events giving

rise to this lawsuit occurred at the Tift County Jail or Law Enforcement Center in February of

2003.  Presently pending herein is a Motion for Summary Judgment filed by the plaintiff.

A reading of the plaintiff's very brief motion leads one to the inescapable conclusion that

he does not understand summary judgment.  The first numbered paragraph of his motion states

that "[t]here is genuine issue [sic] and [sic] material facts, therefore plaintiff is entitled to

judgment as a matter of law."  Obviously, the existence of genuine issues of material fact

preclude the granting of plaintiff's motion.  The second and last numbered paragraph of the

motion states "[p]laintiff further shows that under pleadings and affidavits on file in this case,

and all other evidence properly before the court, there is sufficient evidence to sustain a verdict

---

[1]This defendant was earlier dismissed when the court adopted a recommendation from the
undersigned to that effect (documents 5 and 6).

or judgment in favor for [sic] plaintiff and judgment should be granted for plaintiff."

Assuming arguendo that the evidence of record would sustain a verdict in favor of the plaintiff

that certainly does not dictate that he is entitled of the entry of summary judgment.

***The Facts***

The occurrences giving rise to this lawsuit are not in dispute. However, the parties attach

radically different meanings to the defendants' actions.  This dispute as to what motivated

defendants' actions will be seen to create a genuine material factual issue and preclude the

granting of plaintiff's motion.  In 1989, plaintiff escaped from the lawful custody of defendant

Vowell.  In fact, he was convicted of the offense of escape as a result of that conduct.  In

February of 2003, plaintiff once again escaped from the lawful custody of defendant Vowell.

Plaintiff was returned to custody the next day whereupon defendant Vowell caused plaintiff to

be placed into a segregation or isolation cell at the Tift County Law Enforcement Center.  The

cell was equipped with a video camera which allowed plaintiff to be observed around the clock.

Additionally, he was placed in leg shackles for a period of seventeen days. (Document # 16,

Affidavit of Bruce C. Willis, ¶¶ 9 - 16; Document # 17, Affidavit of Gary Vowell, ¶¶ 13 - 19).

He was not chained to the wall or his bed, which allowed for movement within his cell, and he

was allowed to take showers.

The plaintiff maintains that placing him in leg shackles when he was already locked into

an isolation or segregation cell where his conduct could be monitored around the clock

amounted to cruel and unusual punishment, and further violated his rights to due process.

Plaintiff  seeks the sum of $250,000.00 in damages from each defendant.

The defendants maintain that investigation revealed plaintiff was upset at having his

2

parole revoked, which was why he escaped in February 2003, and that under the circumstances

the leg shackles were appropriate to maintain the security of the institution and protect the

plaintiff and staff.  The shackles were not to punish plaintiff for the escape and did not rise to

the level of a constitutional violation (See the above cited paragraphs of the affidavits of

defendants Bruce C. Willis and Gary Vowell).

*Discussion*

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall be

rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on

file, together with the affidavits, if any, show that there is no genuine issue as to any material

fact and that the moving party is entitled to judgment as a matter of law."  All facts and

reasonable inferences drawn therefrom must be viewed in the light most favorable to the

nonmoving party, although the nonmoving party may not rest on the pleadings but must set

forth specific facts showing that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e); Van T.

Junkins & Assoc. V.  U.S. Industries, Inc., 736 F.2d 656, 658 (11th Cir. 1984).

As the party moving for summary judgment, the plaintiff has the initial burden to

demonstrate that no genuine issue of material fact remains in this case. Celotex Corp. V.

Catrett, 477 U.S. 317, 325; Clark v. Coats & Clark, Ind., 929 F.2d 604 (11th Cir. 1991).  In an

effort to make said demonstration, the plaintiff has filed a brief and a statement of material

facts.  Making all factual and credibility determinations in favor of the defendants, the

nonmoving parties herein, it is clear that the plaintiff has failed to satisfy his burden of

establishing that no genuine issues of material fact remain in this case.  Plainitf's summary

judgment motion consists merely of a reiteration of his claims as set out in his complaint, in

addition to summary conclusions that the facts as alleged establish the violation of his

constitutional rights. Moreover the defendants have met the evidence produced by the plaintiff

with "specific facts showing that there is a genuine issue for trial."  Fed. R.  Civ. P. 56(e);

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).

Accordingly, it is the RECOMMENDATION of the undersigned that the plaintiff's motion

for summary judgment be **DENIED.**  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file

written objections to this recommendation with the Honorable Hugh Lawson, United States

District Judge, WITHIN TEN (10) DAYS of receipt thereof.  Motions for an extension of time in

which to file objections to this recommendation will not be considered nor will the filing of such

motion toll the running of the objection period absent a showing of good cause.

**SO RECOMMENDED,** this 22nd day of August 2005.


/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE